Birchard, J.
This case presents two questions. One of evidence, and the other as to the sufficiency of the indictment. It appears from the record that the plaintiff was indicted and triod for perjury in testifying, before one Crosby, a justice of the peace, on a complaint pending before him, against one Southwick; that said Southwick had previously executed to him, on a settlement of accounts, a promissory note for the payment of $17.33. The bill of exception shows that on the trial of this cause, South-wick was introduced as a witness, and produced his book of accounts, and testified that it contained a true and just account of his charges against the plaintiff, and also of the credits which he had given him; that plaintiff and the witness had settled said account, and that, on such settlement, the witness read over such accounts to the plaintiff, who acknowledged them to bo just and true; and further, that he, the witness, had never given to the plaintiff the note of $17.38 mentioned in the indictment, The bill also shows that another witness testified, that he wait present at said settlement, when Southwick read from his account the items of debt and credit, and that the plaintiff acknowledged the same to be correct. After further evidence had been introduced, the prosecutor, in the progress of the cause, offered in evidence to the jury the book of accounts, and it was admitted by the court, notwithstanding the objections of the plaintiff.
Was this book of accounts improperly admitted? Counsel urge that it was, inasmuch as it was not within the custody or control of the plaintiff, and, that if it contained facts material for the state to prove, it could only be referred to by the witness, to refresh his memory. It seems to us that the court did not err in permitting the book to go to the jury. The material ^question was, whether or not, on the settlement of that account, Southwick gavo to the plaintiff a note of $17.38. The proof, by two witnesses, *344 showed, that this book contained evidence of the items adjusted at that settlement, and that its correctness was, at that time, admitted by plaintiff. There can bo no question but that the admissions of the plaintiff were legal evidence against him. This book of accounts, whether kept by him or another, whether within or beyond his control, was the best evidence of its own contents, and bettor evidence of the extent and particulars of the items therein contained, and admitted by plaintiff to be just and correct, than the recollection of any person. So far, then, as the book of account showed items which had been admitted and settled by the parties, ;[ind tended to enable the jury to ascertain the actual debits and isredits, and of the sum then due to either party, it became, under the state of the proof, competent testimony; not merely because it was a book of account, but because it contained written evidence of what the parties themselves had done, and of what the plaint, iff had then said was just and true.
The objection to the indictment is, that it does not show that Crosby, before whom the perjury is alleged to have been committed, had any jurisdiction to administer the oath, inasmuch as it does not set forth that a complaint, in writing, on oath or affirmation, was made before him. The indictment charges that the plaintiff’s offense was committed before David Crosby, a justice of the peace for Saybrook, in the county of Ashtabula; and, it avers that said Crosby had full power and authority to administer the the oath; that it was taken on the hearing of a complaint against said Southwick, for perjury, which complaint had been made in due form of law, and was then on hearing before said Crosby, as such justice. It may be admitted that this general form of allegation would be bad, by the rules of common law, without it necessarily following that the court at common pleas erred in refusing to arrest judgment in this case, for, by recurring to section 11 of the act providing for the punishment of crimes, Swan’s Stat. 231, it will be seen that, in this state, the common law has been ^modified by express legislation. Section 11 provides “that, in an indictment for perjury, it shall be sufficient to set forth the substinco of the offense charged upon the defendant, and before what court or authority the oath or affirmation was.taken, averring such court or authority to have had full power to administer the same, without sotting forth any oart of any record or proceeding' in law or equity,” etc.
*345 A careful comparison of this indictment with the section of this Statute (parts of which I have given) will convince the mind that it contains all the averments which our statute requires, and that the court of common pleas could not have pronounced it defective without disregarding the law, and requiring of the prosecutor something beyond what it had made sufficient. Motion overruled and-cause remanded for judgment.